Argued and submitted January 20, affirmed February 22, 1995

Phil HOLSHEIMER, Jr.,
and Georgie Holsheimer,
*Respondents,*

*v.*

COLUMBIA COUNTY,
*Respondent,*

*and*

Ronald W. HUGHES
and Maren K. Hughes,
*Petitioners.*

(LUBA 94-119; CA A86642)

890 P2d 447

Robert P. Van Natta argued the cause for petitioners. With him on the brief was Van Natta & Petersen.

Peggy Hennessy argued the cause for respondents. With her on the brief was Reeves, Kahn & Eder.

No appearance for respondent Columbia County.

Before Deits, Presiding Judge, and Richardson, Chief Judge, and Haselton, Judge.

DEITS, P. J.

## DEITS, P. J.

Petitioners seek review of LUBA's reversal of Columbia County's approval of their application to conduct a putative "home occupation" in a rural residential zone. We affirm.

We take the facts from LUBA's majority opinion:

"[Petitioners] are the owners of Ponderosa Paving Company. Following complaints about [petitioners'] use of the subject property to store materials, equipment and vehicles and to carry out other activities associated with Ponderosa Paving, [petitioners] submitted a request for [a] conditional use permit to allow 'parking of vehicles belonging to Ponderosa Paving Inc.'

"The subject 2.3 acre parcel is located in the RR-5 Rural Residential district. 'Home occupations consistent with ORS 215.448' are listed among the 'Uses Allowed Under Prescribed Conditions' in the RR-5 district. * * * Home occupations are subject to CCZO 1507 which, as relevant, simply incorporates the statutory requirements set out at ORS 215.448.

"The challenged decision explains the county views Ponderosa Paving Company's business as composed of two parts. One part includes the actual paving operations. That part of the business occurs at various locations away from the subject property and involves an undetermined number of employees. The second part, which is the subject of the challenged decision, is composed of the routine administration and bookkeeping functions of the business and storage of the equipment and vehicles and some of the materials used in the paving business. The challenged decision allows operation of this second part of the business on the subject property, to be carried out inside the existing single family dwelling, an existing metal building or in a new 'suitable structure (pole building)' to be constructed on the property. The vehicles and equipment stored on-site each evening will be moved as needed each morning to sites away from the subject property where Ponderosa Paving is conducting actual paving operations." (Citations to record and footnotes omitted.)

ORS 215.448(1) provides:

"The governing body of a county or its designate may allow, subject to the approval of the governing body or its

designate, the establishment of a home occupation in any zone, including an exclusive farm use or forest zone, that allows residential uses, if the home occupation:

"(a) Will be operated by a resident of the property on which the business is located;

"(b) Will employ no more than five full or part-time persons;

"(c) Will be operated in:

"(A) The dwelling; or

"(B) Other buildings normally associated with uses permitted in the zone in which the property is located; and

"(d) Will not interfere with existing uses on nearby land or with other uses permitted in the zone in which the property is located."

Although the LUBA majority and concurring opinions follow different analytical approaches, both conclude that the daily storage and movement of vehicles and equipment to and from the home site and off-premise work sites fall outside the statutory definition of a home occupation generally and, in particular, the requirement of ORS 215.448(1)(c) that operations take place in specified buildings. The majority rejected "the county's view of the paving materials, vehicles and equipment as having a separate identity and situs depending on whether they are actually being used [off-site] for paving or being stored [on-site]." In her concurring opinion, Referee Kellington explained:

"What is relevant to determining whether particular business activities constitute a lawful home occupation, are the external and internal indicia of the business activities *occurring at the home*. As applied here, the external and internal indicia establish that the business activities occurring at the site of the subject dwelling exceed the statutory scope of a permissible home occupation." (Emphasis supplied.)

In their first assignment, petitioners contend that LUBA erred by considering off-premise activities generally and, specifically, in the context of ORS 215.448(1)(c). They maintain

"that 'off-premise' activity is irrelevant in determining whether a home occupation is containable within a structure in the premises."

However, LUBA's conclusion was not dependent on a consideration of petitioners' off-premise activities. Under the rationale used by the LUBA majority, as well as that of the concurring referee, the on-premise activities here do not qualify as a home occupation. Although petitioners contend that the pertinent on-site activities are limited to mere storage of equipment and paving materials, that "storage" necessarily entails the constant movement of vehicles and equipment to and from petitioners' premises and off-site job locations. Indeed, such transport activities are inherently more intensive than the purported storage activity on the home-site itself. Moreover, the activities will not be limited to the structure where the storage itself is to take place. We agree with LUBA that the proposed use is contrary to ORS 215.448(1)(c) as a matter of law and that LUBA's reversal of the county's decision on that basis was proper.

The requirements of the statute are conjunctive. Accordingly, the inconsistency of the proposal with any provision of the statute is conclusive, and it is unnecessary for us to reach the other issues presented by the parties or addressed by LUBA.

Affirmed.